**CARMEN A. TRUTANICH**, City Attorney - **SBN 86629x**
**GARY G. GEUSS**, Chief Assistant City Attorney
**CORY BRENTE**, Assistant City Attorney
**DENISE C. MILLS**, Deputy City Attorney - **SBN 191992**
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA  90012
Phone No.: (213) 978-7032, Fax No.: (213) 978-8785
Email: denise.mills@lacity.org

*Attorneys for Defendant*
**CITY OF LOS ANGELES**

**DISCOVERY**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.L.D., a minor, individually, and as Successor in Interest to REGINALD DOUCET, JR, deceased, by and through her Guardian Ad Litem, SHENAIAH K. DRAPER,<br><br>*Plaintiff,*<br><br>vs.<br><br>CITY OF LOS ANGELES, and DOES 1 through 10, inclusive,<br><br>*Defendants* | CASE NO.: CV11-03141SVW(MANx)<br>Case filed: April 28, 2011<br><br>**Assigned to Trial Judge: Hon. Stephen V. Wilson**<br>**Courtroom: 6, 312 N. Spring Street**<br><br>**Assigned to Magistrate: Hon. Margaret A. Nagle**<br>**Courtroom: 580, Edward R. Roybal Federal Bldg.**<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation and [Proposed] Protective Order ("Stipulation") filed on August 10, 2011, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of Paragraphs 5, 6, 7, and 8 of the Stipulation.

The parties are expressly cautioned that the designation of any information,

document, or thing as "Confidential," "Confidential Documents," "Confidential Material," "Subject to Protective Order," or words of similar effect (hereinafter, collectively "Confidential Information") does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal.  Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as "Confidential Information" is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  The parties' mere designation of any information, document, or thing as "Confidential Information" does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the

confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

## TERMS OF PROTECTIVE ORDER

THE PARTIES HAVING STIPULATED TO THE FOLLOWING, this Court hereby orders as follows:

1. The parties may designate as confidential the following:

   [A]   Any and all completed portions of LAPD Force Investigation Division's Report No. F003-11;

   [B]   All compelled statements, whether written or recorded, of all involved police officers, city employees, and civilian witnesses;

   [C]   Any and all photographs, audio or digital video recordings of any evidence related to the underlying event in this case which were taken by or at the discretion of any employee of the City of Los Angeles; all of which Defendants believe might contain information of a privileged, confidential, private or sensitive nature, by affixing to such document or writing a legend, such as "Confidential." "Confidential Documents," "Confidential Material," "Subject to Protective Order," or words of similar effect.  This category of documents and writings so designated, and all information derived therefrom (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this Protective Order.

2. Confidential Information may be used by the persons receiving such information only for the purpose of this litigation.

3. Subject to further conditions imposed by this Protective Order, Confidential Information may be disclosed only to the following persons:

(a) Counsel for the parties and to experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision; and

(b) Such other parties as may be agreed by written stipulation between and among the parties hereto.

4. Prior to the disclosure of any Confidential Information to any person described in paragraph 3(a) or 3(b), counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this Protective Order, and shall cause him or her to execute, on a second copy which counsel shall thereafter serve on the other party, the following acknowledgment:

> "I understand that I am being given access to Confidential Information pursuant to the foregoing Protective Order. I have read the Protective Order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information.
> Dated: _____/s/_____"

5. Upon the final termination of this litigation, including any appeal pertaining thereto, all Confidential Information and all copies thereof, **except Confidential Information filed in this case or otherwise submitted to the Court,** shall be returned to the Defendants. All Confidential Information disclosed to any person or party**, other than the Court,** pursuant to any provision hereof also shall be returned to the Defendants.

6. If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, he, she or it shall immediately give written notice to the Defendants' counsel, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this Protective Order, so as to afford the Defendants an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material. Other than objecting on the grounds of this Protective Order, no party shall be obligated to seek an order barring production of Confidential Information, which obligation shall be borne by the Defendants. However, in no event should production or disclosure be made without written notice to Defendants' counsel unless required by court order after serving written notice to defendants' counsel. **Nothing in these provisions should be construed as authorizing or encouraging a party to disobey a lawful directive from another court.**

7. **Any party who or which seeks to file** any pleadings, motions, briefs, declarations, stipulations, exhibits, or other written submissions with the Court in this litigation which **constitute,** contain, reflect, incorporate, or refer to Confidential Information shall **apply, pursuant to Local Rule 79-5, to have such Confidential Information** filed and maintained under seal. If the Court approves the application to file the documents under seal, the original and judge's copy of the document shall be sealed in separate envelopes with a title page affixed to the outside of each envelope. No sealed or confidential record of the Court maintained by the Clerk shall be disclosed except upon written order of the Court.

8. **If Confidential Information is to be introduced, discussed, or disclosed in any proceeding before the Court, counsel shall endeavor, as promptly as possible, to secure an appropriate Court order to avoid an unwarranted and unduly**

**5**
**PROTECTIVE ORDER**

**broad disclosure or dissemination of such Confidential Information.**

9. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including, but not limited to, relevance and privilege.

10. This Protective Order survives settlement, trial and/or appeal.

**IT IS SO ORDERED.**

DATED: August 30, 2011

_____
**MARGARET A. NAGLE**
**UNITED STATES MAGISTRATE JUDGE**